**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**AMANDA LETHCOE,**

**Plaintiff,**

**v.**                                                    **Civil Action No.  3:10cv415**

**ACCOUNT RECEIVABLE MANAGEMENT**
**OF FLORIDA, INC., et al.,**

**Defendants.**

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION**
**FOR SUMMARY JUDGMENT**

## I.      INTRODUCTION

The question presented by Plaintiff's Motion for Summary Judgment is whether

Defendant violated the Fair Debt Collections Practices Act ("FDCPA") as a matter of law when

it left two voice mail messages for Plaintiff that Plaintiff contends constituted "the placement of

telephone calls without meaningful disclosure of the caller's identity," a *per se* violation of the

FDCPA's general prohibition against harassment or abuse by debt collectors when attempting to

collect consumer debt.

This case has progressed through discovery and through informal communications

between counsel to the point that liability and damages may now be resolved entirely through

summary judgment.

## II.      PROCEDURAL HISTORY AND CURRENT POSTURE OF THE CASE

In her Complaint, Plaintiff asserted four categories of claims, raised under 15 U.S.C. §§

1692d, e, f and g.  She now withdraws three categories of claims, those raised under §§ 1692e, f,

and g, leaving only for resolution her claims under § 1692d.

By way of background, Defendants Account Receivable Management of Florida, Inc. and Darlene E. Graham attempted to collect on a portfolio of internet payday loans that included an internet payday loan through an online entity holding itself out as Instant Cash USA.  In her Complaint, Plaintiff alleged that Instant Cash USA is not located in Virginia, is not a licensed consumer finance company in Virginia, and is not a licensed Payday Lender in Virginia. Through its Payday Loan Act, Virginia prohibits the making of payday loans in the Commonwealth without having first obtained a license. The Virginia Payday Loan Act makes it a crime to make payday loans in the Commonwealth without having first obtained a license.  Instant Cash USA charged an extremely high rate of interest, vastly in excess of 12%.  The Consumer Finance Act, Va. Code § 6.1-249 provides that "[n]o person shall engage in the business of lending any principal amounts to individuals for personal, family, household or other nonbusiness purposes, and charge, contract for, or receive, directly or indirectly, on or in connection with any loan, any interest, charges, compensation, consideration or expense which in the aggregate is greater than the 12% interest rate permitted by § 6.1-330.55" without first having the proper license. Plaintiff alleged in her Complaint that Instant Cash USA's internet payday loan violated the provisions of Va. Code § 6.1-249, and is therefore void under Va. Code § 6.1-308.  Most, if not all, internet payday loan debt is illegal debt in every state in the country. Defendants knew or should have known that internet payday loan debt is illegal debt, that collecting or attempting to collect internet payday loan debt in Virginia would violate the FDCPA, and that the loan they are seeking to collect is void and unenforceable in Virginia, by virtue, for example, of the numerous filings by then Virginia Attorney General Bob McDonald and later by Virginia Attorney General Ken Cuccinelli attacking predatory loans that impose interest rates in excess of those allowed

under applicable licensing provisions of the Code of Virginia.  Defendants have been on notice

since at least December, 2009 that they violate the FDCPA when they attempt to collect internet

payday loan debt from Virginia consumers on behalf of internet payday lenders who are not

licensed by the Virginia Bureau of Financial Institutions.  In her Complaint, Plaintiff asserted

claims under 15 U.S.C. § 1692e, the FDCPA's general prohibition against the use of any false,

deceptive, or misleading representations or means in connection with the collection of any debt,

including claims based on the false representation the character or legal status of the debt (15

U.S.C. § 1692e(2)(A), along with claims under 15 U.S.C. § 1692f, the FDCPA's general

prohibition against the use of unfair means to collect or attempt to collect any debt, including

claims based on the collection of any amount (including any interest, fee, charge, or expense

incidental to the principal obligation) unless such amount is expressly authorized by the

agreement creating the debt or permitted by law (15 U.S.C. § 1692f(1)).

Defendants have asserted through the discovery process that "the portfolio of loans which

includes the subject debt is owned by an Indian tribe, and is, as Defendants argue, immune from

laws that might otherwise apply to the subject debt."  Exhibit 1, November 12, 2010 Defendants

Darlene Graham's and ARM's 2nd Supplemental Responses to Plaintiff's Discovery, providing

the following supplemental interrogatory responses:

> Michael Kevitch, Servicing Company Employee, Apex 1 Processing, Inc., 550
> – Taylor Street, Suite 2208, Vancouver, BC – V6B 1R1. Employee of Apex 1
> Processing, Inc., which processes all the loans issued under GR Financial dba
> Instant Cash USA. He has knowledge that the portfolio of loans which includes
> the subject debt is owned by an Indian tribe and is, as Defendants argue, immune
> from laws that might otherwise apply to the subject debt.
>
> Chief Randall Peter Ginger, "Nuuchii" Hereditary Chief of the Sovereign
> Nation of Mowachaht/Muchalaht ("Nation") of the Reserve Lands of the Nation

(spanning the State of Washington, and British Columbia, Canada), Mowachaht/Muchalaht First Nation, 100 Ouwatin Road, Tsaxana, BC, P.O. Box 459, Gold River, BC V0P 1G0. Chief of tribe that owns and operates Instant Cash USA has knowledge of ownership and operation of that company and status of his tribe as officially recognized in U.S. and Canada.

Having considered this assertion of immunity, without necessarily agreeing with such assertion, Plaintiff withdraws the claims that she has alleged under 15 U.S.C. §§ 1692e and f.

Plaintiff also withdraws her 15 U.S.C. § 1692g claim, as asserted in Paragraphs 13 and 14 of her Complaint, that Defendants did not send Plaintiff any written communications in connection with the collection of the subject debt, with the result that Defendants did not disclose to Plaintiff her thirty day validation rights as required by 15 U.S.C. § 1692g.

The only claim remaining is the claim that, independent of the issue of whether or not the debt that Defendants were attempting to collect "is owned by an Indian tribe, as Defendants argue, and is immune to laws that might otherwise apply to the subject debt," Defendants violated the FDCPA when Defendants themselves engaged in conduct specified in the Act *per se* as conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any debt, specifically by the placement of telephone calls without meaningful disclosure of the caller's identity.

### III. LOCAL RULE 56(B) LISTING OF UNDISPUTED FACTS

In accordance with Local Rule 56 (B), Plaintiff submits the following listing of material facts as to which she contends there is no genuine issue.

1.     Defendants are attempting to collect on an internet payday loan debt that was incurred primarily for personal, family, or household purposes, bringing Defendants' collection efforts within the purview of the FDCPA. 15 U.S.C. § 1692a(5).  Complaint, ¶ 10, Docket No. 1.

Declaration of Plaintiff, ¶¶ 3 and 4. (Attached as Exhibit 2.)

      2.      Plaintiff is a natural person who is a consumer as defined by the FDCPA.

Complaint, ¶ 3.

      3.      Defendants are debt collectors as defined by the FDCPA.  Complaint, ¶¶ 4 -7,

Answer, ¶¶ 4, 5, and 8, Docket No. 4.

      4.      Defendants have left the following messages on Ms. Lethcoe's voice mail:

> From phone number 866-679-4046, received 12:12 p.m., Friday, May 28. 2010
>
> Yeah, this message is for Amanda Lethcoe. If you are not Amanda Lethcoe, please delete this message and do not listen to it. This is a documented communication from a debt collector and its regarding your delinquent account. My number is 866-679-4046. Call me within in one hour of getting this message.
>
> From phone number 866-679-4046, received 1:39 p.m., Tuesday, June 1, 2010
>
> This message is intended for Amanda Lethcoe. If you are not Amanda Lethcoe, hang up now and do not listen to this message. This is a documented communication from a debt collector regarding your delinquent account. My name is Ms. Henderson and my number is 866-679-4045, extension 238. Call me within the hour of receiving this message.

Complaint, ¶ 11. Declaration of Plaintiff, ¶ 6. Defendant ARM's response to Plaintiff's Second

Requests for Admissions, ¶¶ 19 and 20.  (Attached as Exhibit 3.)

## IV.  OVERVIEW OF THE FDCPA

      As the Supreme Court has recently stated the Fair Debt Collection Practices Act imposes

civil liability on "debt collector[s]" for certain prohibited debt collection practices.  Congress

enacted the FDCPA in 1977, 91 Stat. 874, to eliminate abusive debt collection practices, to

ensure that debt collectors who abstain from such practices are not competitively disadvantaged,

and to promote consistent state action to protect consumers. 15 U.S.C. § 1692(e). The Act

regulates interactions between consumer debtors and "debt collector[s]," defined to include any person who "regularly collects . . . debts owed or due or asserted to be owed or due another." §§ 1692a(5), (6). *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1608; 176 L. Ed. 2d 519, 524-25; 2010 U.S. LEXIS 3480, ***7-8 (2010). "The FDCPA protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage." *U.S. v. National Financial Services, Inc.*, 98 F.3d 131, 135 (4th Cir. 1996). In the Act's stated findings and purpose, §1692(a), Congress found "abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors." Congress also recognized that "every individual, whether or not he owes the debt, has a right to be treated in a reasonable and civil manner." *Baker v. G.C. Services Corporation*, 677 F.2d 775, 777 (9th Cir. 1982) (citation and quotations omitted); accord, *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1324 (7th Cir. 1997). Congress added the FDCPA as a subchapter of the Federal Consumer Credit Protection Act (CCPA), its plenary regulation of the national consumer credit industry, because of the inadequacy of existing remedies for redressing the substantial injuries to consumers caused by these practices as well as the competitive disadvantage suffered by honest and ethical debt collectors. § 1692(a), (b), and (e).

The federal courts consistently have recognized that the FDCPA is designed to protect "the unsophisticated consumers who are the particular objects of the statute's solicitude." *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997). As Judge Spencer has observed, the Fourth Circuit has exhibited a lack of judicial tolerance for failure to comply with the FDCPA. *Creighton v. Emporia Credit Service, Inc.*, 981 F. Supp. 411, 417 (E.D. Va. 1997).

The FDCPA is a remedial, strict liability statute to be liberally construed, requiring no proof of deception or actual damages to obtain its statutory remedies. *Frey v. Gangwish*, 970 F.2d 1516, 1519 (6th Cir. 1992); *Tolentino v. Friedman*, 46 F.3d 645, 650-51 (7th Cir.), *cert. denied*, 515 U.S. 1160 (1995); *Johnson v. Eaton*, 80 F.3d 148, 151-52 (5th Cir. 1996); *Bentley v. Great Lakes Collection Bureau, Inc.*, 6 F.3d 60, 63 (2d Cir. 1993); *Baker*, 677 F.2d at 780; *Riveria v. MAB Collections, Inc.*, 682 F. Supp. 174, 175 (W.D. N.Y. 1988); *Cirkot v. Diversified Financial Systems, Inc.*, 839 F.Supp. 941, 944 (D.Conn. 1993); *Cacace v. Lucas*, 775 F.Supp. 502, 506-07 (D.Conn. 1990). Quoting the Fourth Circuit, "(O)f course, the test is the capacity of the statement to mislead; evidence of actual deception in unnecessary." *U.S. v. National Financial Services, Inc.*, 98 F.3d at 139.

This Court has frequently observed the well established rule that the FDCPA is a strict liability statute, *Morgan v. Credit Adjustment Board*, 999 F. Supp. 803, 805 (E.D.Va. 1998) (Judge Merhige), citing *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2nd Cir. 1996); *Jones v. Vest*, 2000 U.S. Dist. LEXIS 18413, *4 (E.D. Va. 1999) (Judge Dohnal), citing the Fourth Circuit's opinion in *U.S. v. National Financial Services, Inc.*, 98 F.3d at 139.  As this Court stated in *Turner v. Shenandoah Legal Group, et al.*, 2006 U.S. Dist. Lexis 39341, *8 (E.D. Va. 2006), also citing the Fourth Circuit in *U.S. v. National Financial Services, Inc.*:

> The purpose of the FDCPA, as set forth by statutory mandate, is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692. Such a purpose is applicable whether or not a valid debt exists where abusive practices are prohibited in either case. *Baker v. G.C. Servs. Corp.,* 677 F.2d 775, 777 (9th Cir. 1982). Furthermore, the FDCPA, like other public welfare legislation, is a strict liability statute. *U.S. v. Nat'l Fin. Servs., Inc.,* 98 F.3d at 139. It is enough that a

Page 7

practice or statement has the potential to mislead the consumer because "evidence of actual deception is unnecessary." *U.S. v. Nat'l Fin. Servs., Inc.*, 98 F.3d at 139.

As one court recently put it when addressing the particular claim asserted herein by Ms. Lethcoe, "(B)ecause the FDCPA imposes strict liability on debt collectors who violate its provisions, and Defendant admits to failing to identify itself, Defendant violated section 1692d(6). *Gryzbowski v. I.C. System, Inc.*, 691 F.Supp. 2d 618 ( M.D. Pa. 2010).

As another court put it, the FDCPA is a strict liability statute, and, therefore, does not require a showing of intentional conduct on the part of a debt collector. *Cavallaro v. Law Office of Shapiro & Kreisman*, 933 F. Supp. 1148 (E.D.N.Y. 1996). As another court similarly stated, the FDCPA is a strict liability statute that proscribes specific acts regardless of intent. *Tyrell v. Robert Kaye & Associates, P.A.*, 2004 U.S. Dist. LEXIS 16263, *9 (S.D. Fla. 2004).

As stated by the Supreme Court in *Jerman*, the Act is enforced through administrative action and private lawsuits. The FDCPA provides that "any debt collector who fails to comply with any provision of th[e] [Act] with respect to any person is liable to such person." 15 U.S.C. § 1692k(a). Successful plaintiffs are entitled to "actual damage[s]," plus costs and "a reasonable attorney's fee as determined by the court." A court may also award "additional damages," subject to a statutory cap of $1,000 for individual actions." § 1692k(a)(2). In awarding additional damages, the court must consider "the frequency and persistence of [the debt collector's] noncompliance," "the nature of such noncompliance," and "the extent to which such noncompliance was intentional." § 1692k(b). ). *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1609; 176 L. Ed. 2d 519, 525; 2010 U.S. LEXIS 3480, ***9 (2010).

Page 8

To further its remedial purposes, the Act establishes a system of enforcement primarily by private attorneys general. § 1692k; *Tolentino*, 46 F.3d at 651-52; Senate Report No. 95-382, 95th Cong., 1st. Sess., p. 5, reprinted in 1977 U.S.C.C.A.N. 1695, 1699 ("The committee views this legislation as primarily self-enforcing; consumers who have been subjected to collection abuses will be enforcing compliance.") As Judge Turk put it, "The FDCPA … is 'primarily self-enforcing' … through private causes of action." *West v. Costen*, 558 F.Supp. 564, 569 (W.D.Va. 1983).

## V.  STANDARD FOR SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment:

> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  A summary judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to the amount of damages.

The entry of summary judgment is inappropriate where there exists a genuine and material issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2509-10, 91 L. Ed. 2d 202 (1986).  Substantive law defines which facts are material and only disputes over facts that might affect the outcome of the case will defeat summary judgment.  Id. at 248, 106 S. Ct. at 2510.  A factual dispute is genuine if a "reasonable jury could return a verdict for the non-moving party."  *Id.*  Although all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party, once the movant has met her burden of demonstrating the absence of a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical

Page 9

doubt as to the material facts" to prevent its entry.  *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 547, 586-87, 106 S. Ct. 1348, 1355-56, 89 L. Ed. 2d 538 (1986).  It is not sufficient for the party opposing summary judgment to provide a scintilla of evidence supporting its case.  *Anderson v. Liberty Lobby, Inc.*, supra, 477 U.S. at 252, 106 S. Ct. at 2512.

The essence of the inquiry that the court must make is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Creighton v. Emporia Credit Service, Inc.*, 981 F. Supp. 411, 415 (E.D. Va. 1997), quoting *Anderson*, 477 U.S. at 251-52, 106 S. Ct. at 2512, 91 L. Ed. 2d 202 (1986).  Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. *U.S. v. National Financial Services, Inc.*, 98 F.3d at 135.

The court has an affirmative obligation to prevent factually unsupported FDCPA defenses from proceeding to trial. *U.S. v. National Financial Services, Inc.*, 820 F.Supp. 228, 231 (D. Md. 1993), *affirmed*, 98 F. 3d 131 (4th Cir. 1996), citing *Felty v. Graves-Humphreys, Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987).

As Judge Merhige stated, the FDCPA imposes three requirements to establish a violation of this federal law: (1) the plaintiff who has been the object of collection activity is a "consumer" as defined, (2) the defendant collecting the debt is a "debt collector" as defined, and (3) the defendant has engaged in any act or omission in violation of the prohibitions or requirements of the law.  *Withers v. Eveland*, 988 F. Supp. 942, 945 (E.D. Va. 1997); see also,  *Kolker v. Duke City Collection Agency*, 750 F.Supp. 468, 469 (D.N.M 1990); *Riveria v. MAB Collections, Inc.*, *supra*. The facts necessary and material to the first two of these three determinations are

Page 10

uncontroverted. Plaintiff submits that the third determination is established as a matter of law by

the undisputed facts.  Plaintiff's Motion for Summary Judgment should be granted.

## VI.     THE "LEAST SOPHISTICATED CONSUMER" STANDARD
##          IS USED TO ANALYZE VIOLATIONS OF THE FDCPA

The United States Court of Appeals for the Fourth Circuit has established the standard by

which violations of the FDCPA are analyzed, *i.e.* from the view of the "least sophisticated

consumer." *United States v. National Fin. Servs.*, *supra* 98 F.3d at 135.  *Creighton v. Emporia*

*Credit Service, Inc.*, 981 F. Supp. 411, 414 (E.D. Va. 1997) ("Controlling precedent requires this

Court to adopt the objective "least sophisticated debtor" standard," citing *National Fin. Servs.*).

(Judge Spencer).  *Morgan v. Credit Adjustment Board*, 999 F. Supp. 803, 805 (E.D.Va. 1998)

("In evaluating alleged violations of the Act, the Fourth Circuit generally applies the objective

"least sophisticated consumer" standard.") (Judge Merhige)  *Turner,* 2006 U.S. Dist. Lexis at *7

("In addressing claims under the FDCPA, the Fourth Circuit has held that the conduct or

language alleged to violate the statute must be evaluated from the perspective of the "least

sophisticated debtor.") (Judge Dohnal)  *Withers v. Eveland*, 988 F.Supp. 942, 945 (E.D.Va.

1997); *Jones v. Vest*, 2000 U.S. Dist. LEXIS 18413, * 4 & 5 (E.D. Va. 1999).

The Second Circuit has amplified this standard:

> The basic purpose of the least-sophisticated-consumer standard is to ensure that
> the FDCPA protects all consumers, the gullible as well as the shrewd. This
> standard is consistent with the norms that courts have traditionally applied in
> consumer-protection law. More than fifty years ago, the Supreme Court noted
> that, the fact that a false statement may be obviously false to those who are trained
> and experienced does not change its character, nor take away its power to deceive
> others less experienced. There is no duty resting upon a citizen to suspect the
> honesty of those with whom he transacts business.  Laws are made to protect the
> trusting as well as the suspicious.

*Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1983) quoting *Federal Trade Commission v. Standard Education Society*, 302 U.S. 112, 116, 82 L.Ed. 141, 58 S.Ct. 113 (1937).

The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there is a valid debt. *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements, in connection with the collection of a debt. 15 U.S.C. §§ 1692d, 1692e, and 1692f. The FDCPA also requires the debt collector to provide the consumer with notice of his or her rights under the Act. 15 U.S.C. §1692g. The Seventh Circuit has stated: "A basic tenet of the Act is that all consumers, even those who have mismanaged their financial affairs resulting in default on their debt, deserve the right to be treated in a reasonable manner." *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1324 (7th Cir. 1997) (internal quotations omitted).

Whether Ms. Lethcoe was misled is not an element of this cause of action. "The test is the capacity ... to mislead; evidence of actual deception is unnecessary." *United States v. National Fin. Servs, Inc.*, *supra* 98 F.3d at 139. "The question is not whether the plaintiffs were deceived or misled, but rather whether an unsophisticated consumer would have been misled." *Beattie v. D.M. Collections. Inc.*, 754 F.Supp. 383, 392 (D.Del. 1991 "[T]he unsophisticated consumer is to be protected against confusion, whatever form it takes." *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997). Because the FDCPA ... is a remedial statute, it should be construed liberally in favor of the consumer. *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002). See also *Blair v. Sherman Acquisition,* 5 2004 U.S. Dist. LEXIS 25106, *6 (N.D.Ill. 2004); *Ross v. Commercial Fin. Servs., Inc.*, 31 F. Supp. 2d 1077, 1079 (N.D.Ill. 1999); *Cirkot v.*

*Diversified Fin. Servs., Inc.*, 839 F.Supp. 941, 944 (D. Conn. 1993).

The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices by debt collectors," 15 U.S.C. §1692(e). It is designed to protect consumers from unscrupulous collectors, whether or not there is a valid debt. *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982). the validity of the underlying debt is immaterial. This is clear at the federal Court of Appeals level and has been stated several times by District Courts here in Virginia. *Turner v. Shenandoah Legal Group, et al.*, 2006 U.S. Dist. Lexis 39341 (E.D. Va. 2006) (The FDCPA may serve its purpose of curtailing abusive debt collection practices even under circumstances where a valid debt exists.); *Nield v. Wolpoff & Abramson*, 453 F. Supp 2d 918 (E.D. Va. 2006) (the presence of a valid debt would not preclude an action under the FDCPA). *Karnette v. Wolpoff & Abramson, L.L.P.*, 2007 U.S. Dist. LEXIS 20794 (E.D. Va. March 23, 2007). The focus is on the debt collector's conduct, not the consumer's. *McCartney v. First City Bank,* 970 F.2d 45 (5th Cir. 1992); *Baker v. G.C. Services Corp.*, 677 F.2d 775 (9th Cir. 1982); *Mace v. Van Ru Credit Corp.*, 109 F.3d 338 (7th Cir. 1997); *Keele v. Wexler*, 149 F.3d 589 (7th Cir. 1998). FDCPA claims focus on the misconduct of the debt collector, regardless of the existence, or amount, of any debt that the debtor might owe. The Act is based on the premise "[t]hat every individual, whether or not he owes the debt, has a right to be treated in a reasonable and civil manner." 123 Cong. Rec. 10241 (1977) (remarks of Rep. Annunzio).

Therefore, whether Defendants violated the FDCPA must be evaluated from the standpoint of the least sophisticated consumer.

## VII.   ACCOUNT RECEIVABLE MANAGEMENT OF FLORIDA, INC. PLACED TELEPHONE CALLS TO PLAINTIFF WITHOUT MEANINGFUL DISCLOSURE OF THE CALLER'S IDENTITY

As one means of prohibiting debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, the FDCPA specifically declares the placement of telephone calls without meaningful disclosure of the caller's identity to be a violation of the general prohibition against harassment or abuse in the collection of consumer debts, providing at 15 U.S.C. § 1692d(6) the following:

**§ 1692d.        Harassment or abuse**

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. <u>Without limiting the general application of the foregoing, the following conduct is a violation of this section:</u>

…

(6) Except as provided in section 1692b of this title, <u>the placement of telephone calls without meaningful disclosure of the caller's identity.</u>

(emphasis added)

The telephone messages at issue stated the following:

Yeah, this message is for Amanda Lethcoe. If you are not Amanda Lethcoe, please delete this message and do not listen to it. This is a documented communication from a debt collector and its regarding your delinquent account. My number is 866-679-4046. Call me within in one hour of getting this message.

and

This message is intended for Amanda Lethcoe. If you are not Amanda Lethcoe, hang up now and do not listen to this message. This is a documented communication from a debt collector regarding your delinquent account. My name is Ms. Henderson and my number is 866-679-4045, extension 238. Call me within the hour of receiving this message.

Page 14

Again, Section 1692d(6) provides one example of debt collection conduct that constitutes a *per se* prohibited harassment or abuse.  It requires a debt collector who telephones a consumer to provide "meaningful disclosure of the caller's identity." The failure to do so is specifically prohibited as constituting harassment or abuse.  "(T)he 'meaningful disclosure' required by section 1692d(6) has been made if an individual debt collector who is employed by a debt collection company accurately discloses the name of her employer and the nature of her business and conceals no more than her real name." *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 597 (N.D.Ga. 1982). ARM of Florida in its telephone messages left for Ms. Lethcoe failed to identify itself by name.  As one of the earlier courts considering this issue stated, "(T)he relatively few courts construing § 1692d(6) in similar contexts have uniformly held that it requires a debt collector to disclose the caller's name, the debt collection company's name, and the nature of the debt collector's business." *Baker v. Allstate Fin. Servs.,* 554 F. Supp. 2d 945, 949 (D. Minn. 2008)(internal footnote omitted; magistrate's report subsequently adopted at 2008 U.S. Dist. LEXIS 38951); *see also*, *Ostrander v. Accelerated Receivables,* 2009 U.S. Dist. LEXIS 27321 (W.D.N.Y. Mar. 31, 2009)("A telephone message that merely states the name of a person to contact and a telephone number at which to reach that person does not provide meaningful disclosure of the caller's identity."); *Leyse v. Corporate Collection Srvcs., Inc.*, 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006)(use of acronym CCS instead of name on message was not meaningful disclosure where the caller had no prior dealings with the collection agency and would not have recognized the moniker).

In *Koby v. ARS National Services, Inc.*, 2010 U.S. Dist. Lexis 47205 (S.D. Ca. 2010), the court considered claims of § 1692d(6) violations in the context of debt collectors leaving

telephone messages stating:

> "This is Robin calling for Michael Koby, if you could please return my call at 800-440-6613. My direct extension is 3171. Please refer to your Reference Number as 15983225.";
>
> "Hey John, uh, it's Mike Mazzouli with ARS National. Umm, there appears to be some documents here in my office, uh, John at this point your [sic] involved. Call me as soon as you can. My direct number and direct extension is 800-440-6613; I'm at extension 3697. Thank you.";
>
> and
>
> "This is Brian Cooper. This call is for Mike Simmons, I need you to return this call as soon as you get this message 877-333-3880, extension 2571.

*Id.* at * 2 and 3.

Faced with Defendant's argument that under § 1692d(6) "meaningful disclosure" simply requires the "identity" of the individual person calling on behalf of the debt collector be disclosed, not necessarily the name of the debt collector or the fact that the person is, in fact, an agent of a debt collector, *Id.* at * 11, the *Koby* court found a violation of the Act through the following reasoning:

> Although no circuit court, including the Ninth Circuit, has ruled on the issue of what exactly "meaningful disclosure" requires, several district courts have come to a consensus on the proper definition, which this Court finds persuasive. Two factually similar cases speak to the issue of meaningful disclosure involving phone calls placed by a debt collector that do not disclose that the caller is a debt collector. *Costa,* 634 F.Supp.2d at 1069; *Hosseinzadeh,* 387 F.Supp.2d at 1104. These district courts have held that meaningful disclosure requires that the caller state his or her name and capacity, and disclose enough information so as not to mislead the recipient as to the purpose of the call. Id.
>
> In *Costa*, the Plaintiff received a voice mail message at her home. *Costa,* 634 F.Supp.2d at 1072. The message stated: "This message is for Jessica Costa. My name is Elizabeth. I received a phone call in my office for you. If you could please contact me back I'll be here until 4 p.m. Eastern Time. My number is 866-529-1899 extension 2936." *Id.* In *Hosseinzadeh*, the Plaintiff received [*13] several pre-recorded messages on her home phone. *Hosseinzadeh,* 387 F.Supp.2d at 1108. The

agent of the debt collector stated: "This message is for Ashraf. Ashraf, my name is Clarence Davis. I have some very important information to discuss with you in reference to a file that has been forwarded to my office that involves you personally. Contact my office right away at 877-647-5945, extension 3618. Failure to return my call will result in a decision making process that you will not be a part of." *Id*. The courts noted the caller failed to "divulge the true nature and purpose of the call." *Costa,* 634 F. Supp. 2d at 1074.

Here, the messages left on each of the Plaintiffs' respective voice mails are similar to those in *Costa* and *Hosseinzadeh* as none of the messages relay to the listener the nature of the call -- to collect a debt -- or the caller's identity as a "debt collector." See Cplt. at P39. Accordingly, utilizing the definition of "meaningful disclosure" adopted by the Eastern and Central districts of California, in each situation where ARS failed to disclose that the caller was a debt collector and that the purpose of the call was to collect a debt, ARS failed to meet the standards prescribed  [*14] by § 1692d(6) of the FDCPA.

*Id.* at * 12 – 15.

The telephone messages in *Hosseinzadeh*, 387 F.Supp.2d at 1104, to which the *Koby*

court referred in reaching its conclusion that § 1692d(6) had been violated, were as follows:

 Hello, this is Thomas Hunt calling. Please have an adult contact me regarding some rather important information. This is not a sales call, however,  **[**3]**  regulations prevent me from leaving more details. You will want to contact me at 1-877-647-5945 as soon as possible. This is a toll free number. Once again this is Thomas Hunt calling and my number is 1-877-647-5945. Thank you.

 This message is for Ashraf. Ashraf, my name is Clarence Davis. I have some very important information to discuss with you. I have to make a decision about a situation that concerns you. I am going to make this decision with our without your input. Contact my office right away at 877-647-5945, Extension 3619. Failure to return my call will result in a decision-making process that you will not be a part of.

 **[*1108]** This message is for Ashraf. Ashraf my-name is Clarence Davis. I have some very important information to discuss with you in reference to a file that has been forwarded to my office that involves you personally. Contact my office right away at 877-647-5945, extension 3618. Failure to return my call will result in a decision making process that you will not be a part of.

> This message is for Ashraf. Ashraf, my name is Clarence Davis. I have some very important information to discuss with you. There has been a trial that has been sent to my office that I'm sure you're not aware of but involves you personally. [4] Contact me right away at 877-647-5945, extension 3618. Failure to return my call will result in a decision making process that you will not be a part of.

*Id.* at 1107-08.

After considering these messages in the context of the statutory mandate, the court awarded summary judgment in favor of the consumer plaintiff, stating in relevant part the following:

> The Court concludes that defendant violated § 1692d(6) when its employees failed to disclose defendant's identity and the nature of defendant's business in the messages left on plaintiff's answering machine. Accordingly, the Court, *sua sponte*, finds it appropriate to treat the matter as a motion for summary judgment by plaintiff and to grant plaintiff's motion to the extent that there is no disclosure of defendant's identity or the nature of defendant's business.

*Id.* at 1112.

As the court noted in *Edwards v. Niagara Credit Solutions, Inc.*, 586 F. Supp. 2d 1346, 1352 2008 U.S. Dist. LEXIS 95040 (N.D. Ga., Nov. 13, 2008), "15 U.S.C. § 1692d(6) spells out that it is a violation to place a phone call without making a meaningful disclosure of the caller's identity. Therefore, it is sufficient that the calls did not contain this meaningful disclosure." Rejecting the debt collector's assertion that the collection agent's telephone message must also contain harassing language, for example, profanity or obscenity, the court awarded summary judgment in favor of the plaintiff consumer, stating "(W)here, as here, there is no dispute that Niagara failed to include a meaningful disclosure of the caller's identity in its messages, summary judgment is appropriate for a claim brought under 15 U.S.C. § 1692d(6)." In so ruling, the district court adopted the earlier Report and Recommendation of the Magistrate Judge, where

Magistrate Judge Hagy had found in relevant part the following:

> Plaintiff argues that, because the callers in the messages identified themselves only as "Jennifer" [last name unclear] and "Mrs. Strickland," and did not identify themselves as agents or employees of Niagara or as debt collectors who were calling regarding a debt, the callers did not make a "meaningful disclosure of the caller's identity" as required by 15 U.S.C. § 1692d(6). The Court agrees. Indeed, Defendant does not dispute that the pre-recorded telephone messages at issue did not contain any "meaningful disclosure of the caller's identity," as required by 15 U.S.C. § 1692d(6).
>
> Instead, Defendant argues that, despite the failure of its callers to identify themselves as calling on behalf of Niagara, the messages did not violate 15 U.S.C. § 1692d(6) because the messages did not harass, oppress, or abuse the Plaintiff. That section, however, defines the specific conduct deemed to harass, oppress, or abuse to include "the placement of telephone calls without meaningful disclosure of the caller's identity." 15 U.S.C. § 1692d(6). Based on a plain reading of the statute, the Court concludes that, when a debt collector places a telephone call to a consumer without meaningful disclosure of the identity of the caller, it is not required that the telephone calls also be considered harassing, oppressing or abusive to the consumer in order to be in violation of 15 U.S.C. § 1692d(6). Defendant has not cited to a single case holding to that effect, and the Court has discovered none.

*Edwards v. Niagara Credit Solutions, Inc.*, 586 F. Supp. 2d 1346, 1352, 2008 U.S. Dist. LEXIS 95037 (N.D. Ga., Oct. 21, 2008).  On appeal, the Eleventh Circuit affirmed the district court ruling. *Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350 (11th Cir. 2009).[1]

Following the *Edwards* ruling in the Eleventh Circuit, the court in *Gryzbowski v. I.C. System, Inc.*, 691 F.Supp. 2d 618 ( M.D. Pa. 2010), found the following debt collector telephone messages to violate § 1692d(6):

On September 25, 2008 Defendant phoned (570) 470-5304 and left this message:

---

[1]  The Eleventh Circuit found that the debt collector, after having argued unsuccessfully to the Magistrate Judge and to the District Court that its telephone messages did not violate § 1692d(6), waived any argument that that the messages did not also violate § 1692d(6). Although it made such an argument in the district court, the debt collector failed to include that argument in the initial brief it filed in the Eleventh Circuit, causing the appellate court to conclude that, even though Niagara asserted at oral argument that it had not violated § 1692d(6), that assertion came too late to preserve the issue.

> "Good morning, this is Becky. Please have Donna Gryzbowski give me a call at 1 (866) 903-1001 regarding an important personal matter. Thank you."

On September 27, 2008 Defendant phoned (570) 470-5304 and left this message:

> "Donna Gryzbowski please call Roger at (866) 903-1001 regarding a personal business matter."

On October 2, 2008 Defendant phoned (570) 470-5304 and left this message:

> "Hi, this is Nancy, Please have Donna Gryzbowski give me a call at 1 (866) 903-1001 regarding a personal matter. And the telephone number is 1 (866) 903-1001. Thank you. Bye."

On October 6, 2008 Defendant phoned (570) 470-5304 and left this message:

> "Donna Gryzbowski please call Roger at (866) 903-1001 regarding a personal business matter."

With respect to the § 1692d(6) claims, the court stated in pertinent part the following:

> The September 25, September 27, October 2, and October 6, 2008 messages failed to disclose the debt collection company's name. … Because the FDCPA imposes strict liability on debt collectors who violate its provisions, and Defendant admits to failing to identify itself, Defendant violated section 1692d(6). Accordingly, Plaintiff is entitled to summary judgment as to her claim pursuant to section 1692d(6) of the FDCPA.

When a debt collector leaves messages that do not state the name of the company placing the calls, such communications violate the FDCPA. Courts construing Section 1692d(6) have uniformly held that it requires a debt collector to the debt collection company's name. *Gilmore v. Account Management, Inc.*, 2009 U.S. Dist. Lexis 79508, *14 (N.D. Ga. 2009), *See also*: *Valencia v. Affiliated Group, Inc.*, No. Civ. A. 07-61381-CIV, 2008 U.S. Dist. LEXIS 73008, 2008 WL 4372895, at *3 (S.D. Fla. Sep. 24, 2008).

Here, Defendants have admitted that Account Receivable Management of Florida, Inc. left the telephone messages set forth in the Complaint at ¶ 4. Plaintiff is therefore entitled to an

Page 20

award of summary judgment as a matter of law.

## VIII. THE COURT SHOULD AWARD MAXIMUM STATUTORY DAMAGES OF $1,000

An individual consumer who brings a successful FDCPA action is entitled to an award of

statutory damages in such an amount as the court may allow. 15 U.S.C. § 1692k(a)(2)(A), plus

costs and reasonable attorney's fees. 15 U.S.C. § 1692k(a)(3). The Act provides factors to be

considered by the court in fixing the amount of statutory damages:

> (b) In determining the amount of liability in any action under subsection (a), the
> court shall consider, among other relevant factors--
> (1)      in any individual action under subsection (a)(2)(A), the frequency and
> persistence of noncompliance by the debt collector, the nature of such
> noncompliance, and the extent to which such noncompliance was intentional. 15
> U.S.C. § 1692k(b)(1).

The Fourth Circuit in *Miller v. Payco General American Credits, Inc.,* 943 F.2d 482 (4th

Cir. 1991); and *National Financial Services* has indicated that noncompliance with § 1692g is

met with little judicial tolerance, as, Judge Spencer so noted in *Creighton*. In upholding the civil

penalty set by the district court in *National Financial Services*, the court stated that "Without a

real sting, the defendants would be unlikely to be deterred from violating the Act, in light of the

substantial profit to be made using aggressive and improper collection practices. *Id.*, at 141.

One purpose of statutory damages is to provide an incentive for debt collectors to obey the

law. *Strange v. Wexler*, 796 F. Supp. 1117, 1120 (N.D. Ill. 1992). Defendants violated one of the

Act's *per se* prohibitions against engaging in conduct the natural consequence of which is to harass,

oppress, or abuse a person in connection with the collection of a debt. They should face maximum

statutory damages of $1,000.00 as an incentive for future compliance.  In *Withers v. Eveland*, 988 F.

Supp. 942 (E.D. Va. 1997), Judge Merhige ruled that a debt collector "was required to do more than

follow 'the spirit of the law.'" "Because he failed to do so, [the debt collector] is subject to a civil penalty in an amount that will deter him from engaging in future improper collection practices. The Court will therefore award [the consumer] statutory damages in the amount of $1,000.00 in addition to the costs incurred in pursuing this matter, including reasonable attorney's fees." In another case before this Court, *Jones v. Vest*, 2000 U.S. Dist. LEXIS 18413 (E.D. Va. 1999), Magistrate Judge Dohnal awarded the full $1,000.00 in statutory damages for a UPL violation, finding that "the imposition of the maximum sanction is fully justified." *Id.* at * 9 and 10.

In *McHugh v. Check Investors, Inc.*, 2003 U.S. Dist. LEXIS 9065, (W.D. Va. 2003), Judge Wilson awarded the statutory maximum of $1,000.00. Other courts have awarded maximum statutory damages of $1,000.00. *Masuda v. Thomas Richards & Co.,* 759 F. Supp. 1456 (C.D. Cal. 1991), *Riveria v. MAB Collections, Inc.*, 682 F.Supp. 174 (W.D.N.Y. 1988).

Here, the admitted collection recordings were placed without meaningful disclosure of the caller's identity. The Court should award and enter judgment for the full $1,000.00 available in statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

## IX. ATTORNEY'S FEES AND COSTS

The FDCPA provides that a successful plaintiff is entitled to "a reasonable attorney's fees as determined by the court." *Jerman*, 130 S.Ct. at 1609, 176 L.Ed.2d at 525, 2010 U.S. LEXIS at ***9.

The FDCPA authorizes the payment of attorney's fees to a successful consumer as follows:

**15 U.S.C. § 1692k.**

### Amount of damages

(a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of--

Page 22

…

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

The award of attorney's fees is mandatory. *Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 628 (4th. Cir. 1995) ("…the fee award under § 1692k is mandatory in all but the most unusual circumstances…"). *Randle v. H&P Capital, Inc.*, No. 3:09cv608, 2010 U.S. Dist. LEXIS 74994 (E.D. Va. July 21, 2010), adopted in part 2010 U.S. Dist. LEXIS 101509 (E.D. Va. Sept. 23, 2010) ("The FDCPA mandates an award of attorney's fees to a successful consumer.")

The Act is primarily self enforcing, through private causes of action. *West v. Costen*, 558 F.Supp. 564, 569 (W.D. Va. 1983). Congress included the award of attorney's fees in consumer statutes to encourage private enforcement of these statutes.  As Judge Wilson stated in *McHugh*, The "purpose of attorney's fees is to encourage attorneys to prosecute cases that vindicate the objectives" of the FDCPA, citing *Dennis v. Columbia Colleton Medical Ctr., Inc.*, 290 F.3d 639, 652 (4th Cir. 2002), a Title VII case. *McHugh v. Check Investors, Inc.*, 2003 U.S. Dist. LEXIS 9065, *9 (W.D. Va. 2003).

If the Court grants Plaintiff's Motion for Summary Judgment, she will move the Court for an award of statutory costs and attorney's fees should the parties be unable to resolve same without Court intervention.

## X. CONCLUSION

Plaintiff Amanda Lethcoe requests that Summary Judgment be entered in her favor because Defendants Account Receivable Management of Florida, Inc. and Darlene E. Graham, without question, violated 15 U.S.C. § 1692d(6).  Plaintiff requests that the Court award her the full $1,000 measure of statutory damages, and that the court award her statutory costs and

attorney's fees in the event the parties are unable to agree on the proper measure of costs and fees to which she is entitled.

Respectfully submitted,
Amanda Lethcoe
By Counsel

 /s/
Dale W. Pittman, VSB#15673
Counsel for Amanda Lethcoe
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 (Fax)
dale@pittmanlawoffice.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of November, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Paige A. Levy, Esquire
SANDS ANDERSON MARKS & MILLER
1497 Chain Bridge Road
Suite 202
McLean, VA 22101
Counsel for Defendants

 /s/
Dale W. Pittman, VSB#15673
Counsel for Amanda Lethcoe
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 (Fax)
dale@pittmanlawoffice.com

Page 24